**Shalev Amar (022332)**
**samar@pryorandamar.com**
**Luís F. Ramírez (022653)**
**lramirez@pryorandamar.com**
**Pryor, Ramirez & Amar, LLC**
**40 W. Baseline Rd., Suite 203**
**Tempe, AZ 85283**
**(480) 947-7755**
**(866) 663-3497 (facsimile)**
**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Duncan Scott McCracken and Julie McCracken,** <br><br> Plaintiffs, <br><br> vs. <br><br> **Thor Motor Coach, Inc., Cummins Inc. and Bank of the West Inc,** <br><br> Defendants. | Case No.: <br><br> **COMPLAINT -- VIOLATION OF THE MAGNUSON MOSS WARRANTY ACT, THE ARIZONA MOTOR VEHICLE WARRANTIES ACT, REVOCATION OF ACCEPTANCE AND COMMON LAW BREACH OF WARRANTY** |

1.      The District Court has jurisdiction to hear this matter under 28 U.S.C. §1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq*.  Jurisdiction is also conferred through 15 U.S.C. §2310(d) as the amount in controversy exceeds $50,000.00; and through diversity of citizenship.  The Court has pendent jurisdiction over the Arizona Motor Vehicle Warranties Act, Revocation and common law breach of warranty claims.

2.      Plaintiffs, Duncan Scott McCracken and Julie McCracken ("Plaintiffs"), are consumers who reside in the State of Arizona.

3. Codefendant, Thor Motor Coach, Inc. ("Thor") is a foreign corporation authorized to do business in the State of Arizona. Thor is engaged in the manufacture, assembly, integration, sale, supply and distribution of fully integrated motor homes and attendant warranties. Thor supplies its products and services to the Arizona consuming public through its authorized dealerships and repair agents,

4. Codefendant Cummins Inc. ("Cummins"), is a foreign corporation authorized to do business in the State of Arizona. Cummins is the manufacturer of diesel engines installed in Thor motor homes including the subject Motor Home.

5. Thor unilaterally selected and then installed, integrated and modified all components used to construct the subject Motor Home.

6. On October 19, 2012, Plaintiffs purchased from McMahon's RV[1] a new 2013 Thor Palazzo ("Palazzo") manufactured, warranted and supplied by Thor and Cummins, Vehicle Identification No. 4UZAAJDT0DCFB9348, for a total financed price of $240,228.80. *See* Retail Installment Sales Contact, attached as Exhibit A.

7. Bank of the West Inc ("Financer") provided Plaintiffs financing for the purchase of the Palazzo and is the holder of the retail installment contract (purchase money loan) for the Palazzo. The retail installment contract was assigned to Financer by McMahon's RV. As a holder in due course of the credit contract and as expressly noted in the retail installment contract, Financer is equally liable to Plaintiffs for all of their available claims against the seller. *See* 16 CFR 433 *et seq*.; *see also* Exhibit A.

---

[1] This company has filed for Chapter 11 Bankruptcy.

Complaint - 2

8. In connection with Plaintiffs' purchase of the Palazzo, Thor issued and supplied to Plaintiffs its written warranty, which includes twelve (12) months/15,000 mile and 24 month/24,000 mile coverage. Cummins provided Plaintiffs with 5 year/100,000 mileage coverage on the engine of the Motor Home. Thor and Cummins intended Plaintiffs to view the fact the Palazzo was "warranted" as an assurance of the Palazzo's quality, thereby inducing Plaintiffs' purchase.

9. In addition, under Thor and Cummins' repair or replacement warranties, Thor and Cummins were required by common law and statute to perform adequate and competent repairs or replacements within a reasonable opportunity and time, as competent repairs within a reasonable opportunity/amount of time is the essential purpose of warranties restricted to repair or replacement of defective parts.

10. Shortly after Plaintiffs took possession of the Palazzo they experienced numerous defects and conditions necessitating at least two hundred ninety-six (296) days of repeated unsuccessful nonconformity repairs by Thor and Cummins's repair agents.

11. The dilatory repairs were for: the engine/engine fume intrusion into the Motor Home (9 repair attempts), slide out (4 repair attempts), bedroom drawers (4 repair attempts), entry door (2 repair attempts), player cabinet (3 repair attempts), fresh water tank leak (3 repair attempts), battery straps (2 repair attempts), water control panel leak into storage compartment (2 repair attempts), kitchen sink and linoleum floor water leak (2 repair attempts), roof paint, rubber roof liner, AC vents, CO2 detector, wheel simulators, vent, brake signal diode jumpers, power steering pump, center console, ignition, wood facia, passenger seat, window screen track, and window curtain.

12. More specifically, the Cummins engine warranty repairs for defects and conditions are charted below and occurred on the following dates:

| Date In | Date Out | Problem |
| --- | --- | --- |
| 1/04/2013 | 1/08/2013 | Engine oil leak that was dripping on the ground; leak was from power steering pump |
| 2/16/2013 | 3/05/2013 | Engine oil leak, passenger side, rear of coach; fuel leaking from high pressure pump fuel line to fuel filter and was dripping on the ground |
| 3/28/2013 | 4/04/2013 | Fuel line leak from fuel pump and apparently to the fuel filter housing and was dripping on the ground |
| 6/12/2014 | 6/17/2014 | Engine oil leak, fuel leaking near the injection pump. Fuel coming from the fitting threads on the fuel pump, that the fuel line goes to and was splattering all over the tow vehicle and tow equipment. |
| 6/17/2014 | 06/19/2014 | Faulty solenoid causing all batteries to be dead. The batteries were all dead when Plaintiffs attempted to drive the Motor Home away from the repair shop. The batteries were functional when Plaintiffs left the Motor Home for repair. Plaintiffs attribute the dead batteries to the faulty solenoid, and none of the Defendants would cover the battery replacement cost. |

13. The solenoid was faulty and replaced on June 17, 2014 which also cost Plaintiffs an additional $1,246 as it rendered all 4 batteries useless and none of the warrantors herein would pay to replace them.

14. Overall, the Palazzo was repaired 11 times and was out of service over two hundred ninety-six (296) days for these repeated warranty repairs in over 24 months of ownership and only 8,864 miles of use.

15. The Palazzo's numerous defects and its repeated inadequate repairs constitute substantial impairment in the use and value of the subject Motor Home to Plaintiffs.

16. Plaintiffs were further damaged by canceling several planned trips because of the defective condition of the Palazzo and by being without benefit of the use of a Motor Home they paid for.

17. Upon information and belief, the Palazzo remains in a non-conforming defective condition.

18. Plaintiffs provided Thor and Cummins, through their authorized repair agents, a sufficient opportunity to repair the defects, non-conformities and conditions within the Palazzo.

19. Despite being given more than a reasonable number of attempts/reasonable opportunity to cure said defects, non-conformities and conditions, Thor and Cummins failed to do so.  As such, the Palazzo's warranty has failed its essential purpose.

20. Thor and Cummins's failure to correct said defects violates Thor and Cummins's statutory and common law duties to Plaintiffs and the expectations created by Thor and Cummins's promotional documents and warranties.

21. As a result of the ineffective repair attempts made by Thor and Cummins through their repair agents, the Palazzo cannot be utilized as intended by Plaintiffs at the time of acquisition.

22.     Plaintiffs (by and through undersigned) provided Thor and Cummins written notification of the defects within the subject Motor Home and Plaintiffs' lawful demand for compensation on November 10, 2014.

23.     Plaintiffs and Thor could not reach an accord.

24.     Cummins refused Plaintiffs' request for relief.

25.     Plaintiffs notified Financer of their revocation of acceptance of the Palazzo on December 29, 2014.

26.     Financer ignored and thereby refused Plaintiffs' revocation.

27.     Plaintiffs have been and will continue to be financially damaged due to Thor and Cummins's failure to conform the Palazzo to its warranty as Plaintiffs did not receive the basis of their bargain for a new Palazzo, but instead were saddled with an Palazzo riddled with defects akin to an improperly maintained high mileage used Motor Home of a much lesser value.

28.     Plaintiffs have met all legal and enforceable obligations and preconditions provided in Thor and Cummins's warranties and applicable law.

29.     As a direct and proximate result of Thor and Cummins's failure to comply with their written warranties, statutory obligations, and common law duties, Plaintiffs have suffered damages and, in accordance with 15 U.S.C. §2310(d), Plaintiffs are entitled to bring suit for such damages and other legal and equitable relief.

30.     Plaintiffs demand a trial by jury.

## COUNT I
## BREACH OF WRITTEN WARRANTY
## PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT:
## CODEFENDANTS THOR AND CUMMINS

31. Plaintiffs re-allege and incorporate by reference paragraphs 1-30 in this Complaint regarding Thor and Cummins's written warranty breaches.

32. Defendants failed to comply with their duties and obligations under their written warranties. Additionally, the warranties have failed of their essential purpose.

33. Thor and Cummins did not repair the defects and conditions herein within a reasonable number of attempts or time.

WHEREFORE, Plaintiffs request that the Court:

    a. Enter judgment against Thor and Cummins for all actual, incidental and consequential damages to which Plaintiffs are entitled;

    b. Grant Plaintiffs all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. §2310 (d)(2); and,

    c. Grant all other relief deemed just and appropriate.

## COUNT II
## COMMON LAW BREACH OF WARRANTY
## CODEFENDANTS THOR AND CUMMINS

33. Plaintiffs re-allege and incorporate by reference paragraphs 1-34 in this Complaint.

34. Thor and Cummins failed to comply with their duties and obligations under their respective written warranties. Additionally, the warranties have failed of their essential purpose.

35. Thor and Cummins did not repair the defects and conditions herein within a reasonable number of attempts or time.

WHEREFORE, Plaintiffs pray for the following relief against Defendants for their written warranty breach:

    a. An award of diminution in value damages;

    b. All incidental and consequential damages;

    c. All attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter pursuant to A.R.S. § 12-341 and A.R.S. § 12-341.01; and,

    d. All other relief deemed justified by this Court.

## COUNT III
## VIOLATION OF THE ARIZONA MOTOR VEHICLE WARRANTIES ACT
## CODEFENDANT CUMMINS

36. Plaintiffs re-allege and incorporate by reference paragraphs 1-35 in this Complaint.

37. In accordance with A.R.S. § 44-1263 *et seq.*, Plaintiffs are entitled to equitable relief in the form of a refund of the subject Motor Home's purchase price or a comparable new replacement Motor Home.

WHEREFORE, pursuant to A.R.S. § 44-1261 *et seq.*, Plaintiffs pray for the following remedies against Cummins:

    a. A comparable new replacement vehicle or full refund of the purchase price inclusive of financing charges accrued minus a reasonable usage fee not to exceed ten (10) cents per mile (at Plaintiffs' election);

b. All reasonable attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter; and,

c. All other relief deemed justified by this Court.

## COUNT IV
## REVOCATION OF ACCEPTANCE PURSUANT TO A.R.S. § 47-2608
## CODEFENDANT FINANCER

38. Plaintiffs re-allege and incorporate by reference paragraphs 1-37 of this Complaint.

39. Plaintiffs plead for revocation in the alternative to Count III.

40. McMahon RV's tender of the Palazzo was substantially impaired to Plaintiffs due to its own defects and non-conformities.

41. Plaintiffs accepted the Palazzo on the reasonable assumption that any nonconformities within the motorhome would be seasonably cured.

42. The nonconformities herein have not been seasonably cured.

43. Plaintiffs' acceptance of the Palazzo was reasonably induced by the difficulty of discovering the Palazzo's nonconformities before acceptance and by seller's assurances regarding the quality of the Palazzo.

44. Plaintiffs' revocation of acceptance occurred within a reasonable time after discovering the grounds for revocation and before any substantial change in condition of the motorhome which was not caused by its own defects.

45. Plaintiffs have notified financer of the revocation.

WHEREFORE, pursuant to A.R.S. §47-2608, Plaintiffs pray that financer be ordered to:

a. Accept Plaintiffs' revocation of acceptance, return all monies paid towards the subject motorhome and remove any outstanding loan balance in exchange for return of the Motor Home;

b. Pay all reasonable court costs and attorneys' fees pursuant to A.R.S. §12-341 and A.R.S. §12-341.01;

c. Provide any other relief deemed just and appropriate.

**RESPECTFULLY SUBMITTED** this 8th day of January, 2014.

By: /s/ Shalev Amar
Shalev Amar
Luis Ramirez
Pryor, Ramírez & Amar, LLC
40 W. Baseline Road, Suite 203
Tempe, AZ 85283
(480) 947-7755
(866) 663-3497 (facsimile)
Attorneys for Plaintiffs