**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Duncan Scott McCracken, et al., | No. CV-15-0029-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Thor Motor Coach Incorporated, et al., | |
| Defendants. | |

Defendant Cummins Inc. manufactured the engine in Plaintiffs' motor home. Based on problems with that engine, Plaintiffs have sued Cummins for breach of warranty and violating Arizona's "Lemon Law." Cummins seeks dismissal of these claims, arguing the complaint lacks sufficient facts establishing a breach of warranty and the Lemon Law only applies to the vehicle as a whole, not the vehicle's parts. For the following reasons, the motion will be granted with leave to amend.

## BACKGROUND

In October 2012, Plaintiffs bought a motor home manufactured by Thor Motor Coach, Inc. ("Thor"). The motor home had an engine manufactured by Cummins. Both Thor and Cummins provided written warranties. The Cummins warranty provided coverage for 5 years or 100,000 miles. (Doc. 11-1 at 2). During that period, Cummins would "pay for all parts and labor needed to repair the damage to the Engine resulting from a Warrantable Failure." (*Id.*).

After taking possession of the motor home Plaintiffs experienced "numerous defects and conditions necessitating at least two hundred ninety-six (296) days of repeated unsuccessful nonconformity repairs by Thor and Cummins's regular agents." (Doc. 1 at 3).  The complaint lists five "engine warranty repairs" performed by Cummins. Those repairs appear to be for different problems but those problems were repaired and there is no allegation that a particular defect remained after a repair.  The complaint makes a general statement that the motor home "remains in a non-conforming defective condition" but there is no elaboration of what this means.  (Doc. 1 at 5).

Dissatisfied with their motor home, Plaintiffs filed this suit.  The complaint contains four claims.  First, Plaintiffs assert a claim against Thor and Cummins for "breach of written warranty" under the federal Magnuson-Moss Warranty Act.  Second, Plaintiffs assert a claim against Thor and Cummins for "common law breach of warranty."  Third, Plaintiffs assert a claim against Cummins for "Violation of the Arizona Motor Vehicle Warranties Act."  And fourth, Plaintiffs assert a claim against the bank that provided the financing for the purchase of the motor home.  Thor and the bank answered the complaint but Cummins filed a motion to dismiss.

## ANALYSIS

### I.  Standard for Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Under this standard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This does not require "detailed factual allegations," but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* This is not a "probability requirement" but a requirement that the factual allegations show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## II. Magnuson-Moss Warranty Act

Plaintiffs' first claim is for "breach of written warranty pursuant to the Magnuson-Moss Warranty Act" ("MMWA"). (Doc. 1 at 7). The MMWA "creates a federal private cause of action for a warrantor's failure to comply with the terms of a written warranty." *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 917 (9th Cir. 2004). The scope of that cause of action depends on the type of warranty at issue. The MMWA recognizes two types of warranties: full and limited. The MMWA "establishes minimum federal requirements for full warranties and provides substantive remedies for their breach." *In re Ford Tailgate Litigation*, 2014 WL 3899545 at *2 (N.D. Cal. Aug. 8, 2014). By contrast, the MMWA "does not establish either minimum requirements or remedies applicable to properly-designated limited warranties . . . except to provide a federal claim for relief resting on applicable state law claims." *Id.* In other words, "[t]he MMWA allows consumers to enforce limited express warranties in federal court by borrowing state law causes of action." *Arteaga v. Carmax Auto Superstores West Coast, Inc.*, 2014 WL 3505527 at *6 (C.D. Cal. July 11, 2014). *See also In re Apple iPhone 3G Products Liability Litigation*, 859 F. Supp. 2d 1084, 1090 (N.D. Cal. 2012) (same).

The parties agree the warranty issued by Cummins was a "limited warranty." Thus, Plaintiffs' claim under the MMWA is, in effect, a claim under state law. And under Arizona law, a plausible claim for breach of a limited warranty requires allegations establishing "the manufacturer did not comply with the limited express warranty's terms." *Chaurasia v. Gen. Motors Corp.*, 126 P.3d 165, 169 (Ariz. Ct. App. 2006). As alleged in the complaint, the Cummins warranty was a "repair or replace[]" warranty. This warranty entitled Plaintiffs to repairs or replacements to correct defects whenever they took the motor home to an authorized repair facility. Accordingly, a plausible claim that this warranty was breached must consist of factual allegations establishing Cummins either refused or was unable to repair or replace a defective part. The complaint contains no such allegations.

The complaint recounts five different "engine warranty repairs" performed by Cummins during the warranty period. (Doc. 1 at 4). Rather than establishing a breach, those allegations establish Cummins performed exactly what was required under the warranty. That is, the engine experienced problems and Cummins repaired the problems. The complaint does not identify any defect that was brought to Cummins' attention but not remedied. While the complaint makes a conclusory allegation that Cummins failed to correct "defects, non-conformities and conditions," there are no *facts* in the complaint supporting this allegation. Thus, Plaintiffs have not stated a plausible claim for breach of a limited warranty under the MMWA. *See Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 919 (9th Cir. 2005) (finding breach of limited warranty where there was "factory defect" that was "never corrected").

Plaintiffs attempt to avoid this straightforward analysis by engaging in a lengthy argument about the requirement that this Court follow Ninth Circuit law. According to Plaintiffs, this Court is bound by the Ninth Circuit's decision in *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912 (9th Cir. 2005). There is no dispute that this Court is so bound but it is unclear how this helps Plaintiffs. As best as can be determined, Plaintiffs are not pleased with the holding by the Arizona Court of Appeals that limited warranties are not subject to the requirement that a manufacturer "refund or replace a product if it contains a defect after a reasonable number of attempts by the warrantor to remedy the defect." *Chaurasia*, 126 P.3d at 170. Plaintiffs seem to believe this holding is incorrect in light of *Milicevic*. But *Milicevic* does not address this issue. More importantly, this "reasonable number of attempts" issue is not even implicated under the allegations in the complaint because Plaintiffs have not alleged a particular defect that persisted *after* multiple repair attempts. Accordingly, Plaintiffs' insistence that this Court follow "controlling and binding Ninth Circuit authority" does not change that Plaintiffs have not stated a plausible claim under the MMWA.[1] (Doc. 31 at 4).

---

[1] Cummins also argues Plaintiffs failed to provide notice of the alleged defects within a reasonable time. Because the complaint does not identify the particular actions by Cummins that breached the warranty, the Court cannot assess whether notice was

**III.  Common Law Warranty Claim**

Plaintiffs' second claim is for common law breach of warranty.  Given that the MMWA warranty claim turns on state law, it is unclear how the MMWA and "common law" warranty claims differ.  But the parties seem to accept these two claims *are* different in some respect such that the common law claim must be analyzed separately.

The main argument offered by Cummins in seeking dismissal of this claim is that Plaintiffs are seeking unavailable damages.  According to Cummins, Plaintiffs' common law breach of warranty claim seeks various types of damages, including damages for "economic loss, including alleged actual, consequential, and incidental damages." (Doc. 11 at 9).  Cummins claims "economic loss" damages are not available for a common law warranty claim.  But Cummins has not cited any authority that a claim must be dismissed solely because the complaint seeks numerous types of damages, some of which may not be available for the particular claim at issue.  To the extent only certain types of damages are recoverable, Plaintiffs will be limited to those damages.  The scope of recoverable damages, however, is an issue to be decided later, not an issue requiring dismissal of an entire claim.

Beyond the damages issue, Cummins also argues the common law breach of warranty claim is not supported by sufficient facts because Plaintiffs do not "say *what* express provisions of the Cummins warranty they allege were breached, or *how*." (Doc. 34 at 9).  On this point, Cummins is correct.  As explored in connection with the MMWA claim, Plaintiffs have not alleged facts establishing how Cummins breached the terms of the limited warranty.  Merely alleging the engine had to be repaired five times for five different issues is not sufficient.  To state a plausible claim Plaintiffs must allege Cummins refused to remedy a particular defect.  Therefore, the common law breach of warranty claim must be dismissed.

---

timely.  If Plaintiffs choose to amend their MMWA claim, they should include facts establishing when they notified Cummins.

**IV.  Arizona Lemon Law**

Plaintiffs' final claim against Cummins is pursuant to the Arizona Motor Vehicles Warranties Act ("Lemon Law").  A.R.S. §§ 44-1261-1267.  Cummins argues it cannot be sued under the Lemon Law because that statute applies only to manufacturers and dealers of "motor vehicles," not manufacturers or dealers of the constituent parts of vehicles.  A.R.S. § 44-1261(A)(1).  Plaintiffs disagree but they do not present any convincing explanation for their position.

Under the Lemon Law, a "motor vehicle" manufacturer or authorized dealer can be liable for "fail[ing] to correct or repair a vehicle, thereby substantially impairing its use."  *Mago v. Mercedes-Benz, U.S.A., Inc.*, 142 P.3d 712, 715 (Ariz. Ct. App. 2006).  The Lemon Law covers any "motor vehicle," which is defined as any "self-propelled vehicle designated primarily for the transportation of persons or property over the public highways."  A.R.S. § 44-1261(A)(2).  Plaintiffs believe this statutory definition covers engine manufacturers because the engine is an "essential . . . component of a vehicle."  But Plaintiffs offer no plausible way of reading the statutory definition of "motor vehicle" as covering an engine.  Under Plaintiffs' reading, *every* component part would qualify as a "motor vehicle."   But no individual component, including an engine, is capable of transporting "persons or property over the public highways" on its own.  A.R.S. § 44-1261(A)(2).  Therefore, an engine is not a "motor vehicle" and an engine manufacturer is not subject to suit under the Lemon Law.

**V. Amendment Will Be Allowed in Part**

Plaintiffs may be able to amend their MMWA claim and their common law breach of warranty claim to allege Cummins breached the warranty by failing to repair a particular defect.  Under Arizona's Lemon Law, however, Plaintiffs will not be able to state a plausible claim against Cummins.  Therefore, Plaintiffs will not be permitted to amend this claim.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 11) is **GRANTED**.  No later than

April 15, 2015 Plaintiffs shall file an amended complaint or file a notice stating no amendment will be made.  If Plaintiffs choose to amend, they may amend Counts I and II but not Count III.

Dated this 3rd day of April, 2015.

Honorable Roslyn O. Silver
Senior United States District Judge